**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LARRY ANNEN,**

    **Plaintiff,**

v.                                                     Case No.  8:03-cv-2256-T-30EAJ

**GRADY JUDD, Sheriff, and**
**POLK COUNTY SHERIFF'S**
**DEPARTMENT,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Bill of Costs (Dkt. # 31) and Plaintiff's Objection to Defendant's Bill of Costs (Dkt. # 33).  The Court, having reviewed the Bill of Costs and Plaintiff's Objection, finds that it should be granted in part and denied in part.

Defendants are entitled to recover all costs contained in the Bill of Costs less the three-hundred ten dollars ($310.00) that was charged by Edgar E. Pike for videotaping the deposition of Plaintiff Larry Annen and the two-hundred-twenty-eight and 80/100 dollars ($228.80) that was charged by Cady Reporting Service, Inc. for the transcript of the deposition of Michael Brady.  Defendants Bill of Costs includes charges for both the stenographic transcript and the videotape recording of Plaintiff's deposition.  The Court finds that the videotaping of Plaintiff's deposition was redundant and was done for the convenience of counsel.  Therefore, such charge is not taxable.

Defendant is entitled to recover the costs of any "stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The burden is on the party seeking taxation of the costs to establish that the transcripts were necessarily obtained. See Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D.Mich. 1995); National Bancard Corp. v. Visa, U.S.A., Inc., 112 F.R.D. 62, 66 (S.D.Fla. 1986). The Court finds that Defendants have failed to meet their burden of proof regarding the transcript of the deposition of Michael Brady. This deposition transcript was not filed with the Court in support of Defendants' Motion for Summary Judgement nor was it cited in Defendants' motion or memorandum of law. Costs incurred for investigation or discovery purposes are not recoverable. Card v. State Farm Fire and Cas. Ins. Co., 126 F.R.D. 658, 661-662 (S.D.Miss. 1989)(citing Walker v. Borden, Inc., 115 F.R.D. 471, 474 (S.D.Miss. 1986); National Bancard, 112 F.R.D. at 66 (citing United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963). Therefore, this charge is not taxable. Accordingly, the sub-total contained on the Bill of Costs for fees of the court reporter is reduced from $2,290.40 to $1,751.60. The total contained in the Bill of Costs is reduced from $3,329.93 to $2,791.13.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Bill of Costs (Dkt. # 31) is GRANTED IN PART AND DENIED IN PART as stated herein. Defendants are entitled to recover those costs set forth in the Bill of Costs less the deductions detailed in this Order, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

2.  The Clerk is directed to enter a Bill of Costs against Plaintiff and in favor of Defendants in the amount of $2,791.13 in taxable costs.

3.  The Clerk is directed to close this file and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on June 7, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2003\03-cv-2256.bill of costs.wpd